UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABEL KWARTENG,<br>Plaintiff,<br>v.<br>SECRETARY OF VETERANS AFFAIRS,<br>Defendant. | Case No. 26-cv-07168-AGT<br><br>**SCREENING ORDER**<br>Re: Dkt. No. 1 |

Having granted Mabel Kwarteng's *in forma pauperis* application, the undersigned now screens Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and concludes that the complaint is deficient for the reasons identified below.

Plaintiff brings this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Dkt. 1 at ¶ 5. Title VII prohibits employers from discriminating based on "race, color, religion, sex, or national origin," § 2000e–2(a), and from retaliating against employees and job applicants who oppose or file complaints alleging employment discrimination, § 2000e–3(a*). See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 347 (2013).

Plaintiff is "of African race and African national origin[,] … has an African accent[,] and … was the only African employee with an African accent at the location where Plaintiff worked." Dkt. 1 at ¶ ¶ 9-10. She "alleges discrimination based on race and national origin and retaliation for reporting workplace concerns." *Id.* at ¶ 2. Therefore, while Plaintiff's complaint doesn't lay out specific, numbered claims, the Court understands her to allege discrimination and retaliation under Title VII. *Id.* at ¶ ¶ 21, 40. Both claims, as currently presented in the complaint, are flawed.

First, Plaintiff's discrimination allegations don't set out how she was treated

differently at work because of her race and national origin. Her complaint must allege how her race or national origin was a motivating factor in her disparate treatment to state a claim under Title VII; just alleging that she was the sole member of a protected class and was treated differently from other coworkers, without any additional allegations connecting her disparate treatment to her membership in a protected class, isn't enough to plausibly state a claim for discrimination under Title VII. *Nassar*, 570 U.S. at 343; § 2000e-2(m).

Second, with respect to her retaliation claim, Plaintiff doesn't include enough specific allegations addressing the elements of a Title VII retaliation claim in the Ninth Circuit: (i) that she engaged in a protected activity, (ii) that she suffered an adverse employment action, and (iii) that there was a causal link between the protected activity and the adverse employment action. *See Conner v. City of Emeryville*, 818 F.Supp.3d 1082, 1103 (N.D. Cal. 2026). While she doesn't need to comprehensively plead each of these elements in her complaint to move forward at this stage of the proceedings, they do guide the Court in evaluating whether her complaint states a claim. *Id.* Plaintiff's complaint only alleges that she "report[ed] concerns regarding discrimination," and that "after making these complaints, Plaintiff experienced … negative treatment." Dkt. 1 at ¶ ¶ 35, 39. To state a retaliation claim, she must include additional factual allegations that show she engaged in conduct specifically protected under Title VII and suffered adverse action because of that conduct. *See* § 2000e-3(a).

Plaintiff may file an amended complaint that addresses these issues on or before **October 23, 2026**. If Plaintiff doesn't do so, or if Plaintiff files an amended complaint that fails to state a claim for relief, the undersigned will recommend that a district judge dismiss the case.

Finally, the Court notes that Plaintiff has filed a request for assistance directed to the Clerk's Office. Dkt. 5. The Court refers Plaintiff to the Northern District of California's Legal Help Center, where lawyers provide free basic legal assistance to those representing themselves in federal court. Although Legal Help Center lawyers don't represent parties, they can explain court procedures, provide limited legal advice, and help prepare simple court filings. There are two Legal Help Center locations: one is at the San Francisco courthouse at 450 Golden Gate Avenue, and the other is at the Oakland courthouse at 1301 Clay Street. Plaintiff can schedule an appointment by calling 415-782-8982 or emailing FedPro@sfbar.org. Appointments are available in-person, by Zoom, or by telephone. Plaintiff can find more information at https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers.

The Court also has a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of a case. Plaintiff can access it online (https://cand.uscourts.gov/representing-yourself/pro-se-handbook) or in hard copy free of charge from the Clerk's Office.

**IT IS SO ORDERED.**

Dated: October 2, 2026

Alex G. Tse
United States Magistrate Judge